The Honorable Jeremiah W. (Jay) Nixon Senator, District 22 State Capitol Building, Room 429 Jefferson City, Missouri 65101
Dear Senator Nixon:
This opinion is in response to your question asking:
 Does a county auditor have the authority to conduct audits of a corporation organized to do business under Chapter 355, RSMo, which performs a public function on behalf of a first class non-charter county and which has as a primary purpose to enter into contracts with the first class county and engage primarily in activities carried out pursuant to an agreement with the first class county?
The duties of a county auditor of a first class non-charter county include those found in Section 55.160, RSMo 1986, which provides:
 55.160. Duties (second class and certain first class counties). — The auditor of each county of the first class not having a charter form of government and of each county of the second class shall keep an inventory of all county property under the control and management of the various officers and departments and shall annually take an inventory of such property showing the amount, location and estimated value thereof. He shall keep accounts of all appropriations and expenditures made by the county commission, and no warrant shall be drawn or obligation incurred without his certification that an unencumbered balance, sufficient to pay the same, remain in the appropriate account or in the anticipated revenue fund against which such warrant or obligation is to be charged. He shall audit the accounts of all officers of the county annually or upon their retirement from office. The auditor shall audit, examine and adjust all accounts, demands, and claims of every kind and character presented for payment against the county, and shall in his discretion approve to the county commission of the county all lawful, true, just and legal accounts, demands and claims of every kind and character payable out of the county revenue or out of any county funds before the same shall be allowed and a warrant issued therefor by the commission. Whenever the auditor thinks it necessary to the proper examination of any account, demand or claim, he may examine the parties, witnesses, and others on oath or affirmation touching any matter or circumstance in the examination of such account, demand or claim before he allows same. The auditor shall not be personally liable for any cost for any proceeding instituted against him in his official capacity. The auditor shall keep a correct account between the county and all county and township officers, and shall examine all records and settlements made by them for and with the county commission or with each other, and the auditor shall, whenever he desires, have access to all books, county records or papers kept by any county or township officer or road overseer. The auditor shall, during the first four days of each month, strike a balance in the case of each county and township officer, showing the amount of money collected by each, the amount of money due from each to the county, and the amount of money due from any source whatever to such office, and the auditor shall include in such balance any fees that have been returned to the county commission or to the auditor as unpaid and which since having been returned have been collected.
Section 55.161, RSMo 1986, provides in pertinent part:
 55.161. Additional duties (second class and certain first class counties). — In addition to all other duties imposed upon the county auditor in counties of the first class not having a charter form of government and in counties of the second class, he shall have the following duties:
 (1) He shall audit, examine and adjust all accounts of county officials and courts operating in such counties where there is an accumulation of moneys, taxes, fees, fines and miscellaneous public funds received from any and all sources by county officials and courts operating in such counties, and which are accumulated and intended for public purposes other than the general administrative functions of the county, provided that such extra duty of accounting is to be performed in the same manner as is now by statute prescribed for the general county administrative business. He shall also audit moneys and funds belonging to any levee district organized and operating in such county, moneys to be disbursed to school districts organized and operating in such county, and moneys to be disbursed in the county for library, hospital, recreation, public health and civil defense purposes;
* * *
These statutory provisions do not authorize a county auditor to audit not-for-profit corporations organized under Chapter 355, RSMo, nor do we find any other statute authorizing such audits by a county auditor. Public officers have only such power and authority as are clearly conferred by law or necessarily implied from the powers granted. 67 C.J.S. Officers and Public Employees § 190. See also Missouri Attorney General Opinion No. 400, Rabbitt, 1963, a copy of which is enclosed. No statutory provision can be found which would authorize a county auditor in a first class non-charter county to perform an audit of a not-for-profit corporation organized under Chapter 355, RSMo, even if the corporation performs a public function on behalf of the county and has as a primary purpose to enter into contracts with the county and engage in activities carried out pursuant to an agreement with the county. Therefore, we conclude a county auditor in a first class non-charter county is not authorized to conduct such an audit.[1]
In Missouri Attorney General Opinion No. 21, Lehr, 1976, a copy of which is enclosed, this office concluded the State Auditor did not have the authority to audit the Kansas City Philharmonic Association, a not-for-profit corporation, because there existed no statutory authority which would allow the State Auditor to audit a not-for-profit corporation. This was the case even though the Kansas City Philharmonic Association received substantial funding from a state agency. The reasoning in this opinion would appear to be applicable to the question you have asked.
CONCLUSION
It is the opinion of this office that a county auditor of a first class non-charter county is not authorized to conduct an audit of a corporation organized under Chapter 355, RSMo, even if the corporation performs a public function on behalf of the county and has as a primary purpose to enter into contracts with the county and engage in activities carried out pursuant to an agreement with the county.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosures: Opinion No. 400, Rabbitt, 1963 Opinion No. 21, Lehr, 1976
[1] While we conclude a county auditor in a first class non-charter county is not authorized to conduct such an audit, the county auditor is authorized to examine records of the corporation to the extent such examination relates to the duties of the county auditor. For example, pursuant to Section 55.160, the auditor "shall audit, examine and adjust all accounts, demands, and claims of every kind and character presented for payment against the county." Section 55.160 further provides: "Whenever the auditor thinks it necessary to the proper examination of any account, demand or claim, he may examine the parties, witnesses, and others on oath or affirmation touching any matter or circumstance in the examination of such account, demand or claim before he allows same."